USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARY F. CRAWFORD,

        Plaintiff,

-against-

ExlSERVICE.COM, LLC, et al.,

        Defendants.

---

16 Civ. 9137 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is a motion for partial summary judgment filed by Defendants ExlService.com, LLC, ExlService Holdings, Inc., ExlService Inc., ExlService.com, Inc., William A. Bloom, Rohit Kapoor, and Pavan Bagai (together, "Defendants"). (See Notice of Motion, dated Apr. 25, 2019 [dkt. no. 53].)

    Defendants ask the Court to dismiss Plaintiff Mary F. Crawford's ("Crawford") claims for: (i) unequal pay in violation of the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), and N.Y. Lab. L. § 194 ("NYEPA"); (ii) unlawful wage disparity in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"); (iii) retaliation under the NYSHRL and NYCHRL; and (iv) hostile work environment in violation of Title VII, the NYSHRL, and the NYCHRL. (See Memorandum of Law in Support of Motion for Partial Summary Judgment, dated Apr. 25, 2019 [dkt. no. 54].) For the reasons stated below,

1

Defendants' motion is GRANTED with respect to the retaliation claims and DENIED as to all other claims.

I. <u>Legal Standard</u>

Under Rule 56 of the Federal Rules of Civil Procedure, a court may grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of demonstrating the absence of a genuine dispute of fact, and, to award summary judgment, the court must be able to find after drawing all reasonable inferences in favor of a non-movant that no reasonable trier of fact could find in favor of that party." <u>Palmer/Kane LLC v. Rosen Book Works LLC</u>, 204 F. Supp. 3d 565, 568 (S.D.N.Y. 2016).

It is well settled that "credibility assessments, choices between conflicting versions of events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." <u>Curry v. City of Syracuse</u>, 316 F.3d 324, 333 (2d Cir. 2003). In the context of employment discrimination lawsuits, courts must be "especially cautious" in granting summary judgment "because the employer's intent is often at issue and careful scrutiny may reveal circumstantial evidence supporting an inference of discrimination." <u>Belfi v. Prendergast</u>, 191 F.3d 129, 135 (2d Cir. 1999).

II. Discussion

i. Equal Pay Act Claims

Summary judgment is unavailable on the EPA and NYEPA claims. As a threshold matter, the parties' submissions reveal fact issues regarding whether Crawford and her more highly compensated male colleagues performed substantially equal work. See Belfi v. Prendergast, 191 F.3d 129, 135 (2d Cir. 1999) (to prevail on an EPA claim, the plaintiff must establish that the "employer pays different wages to employees of the opposite sex" who "perform equal work on jobs requiring equal skill, effort, and responsibility . . . under similar working conditions"). Although, among other differences, Crawford and her comparator colleagues at times held different titles and oversaw business lines generating different amounts of revenue, reasonable jurors could nonetheless conclude that, for certain periods of time, Crawford and her comparators performed substantially equivalent functions. This is a question for the jury to resolve. See Jamilik v. Yale Univ., 362 Fed. Appx. 148, 150 (2d Cir. 2009) (noting that questions about "the equivalence of two positions pursuant to an EPA claim are best left to the trier of fact").

There are also fact issues concerning whether Defendants' proffered justifications for the pay disparity between Crawford and her male colleagues--i.e., that bonuses and other forms of compensation were tied to neutral factors including performance,

3

experience, and responsibility--are pretextual. See Ryduchowski v. Port Auth. of N.Y. & N.J., 203 F.3d 135, 142 (2d Cir. 2000) ("Once the employer proves that the wage disparity is justified by one of the EPA's four affirmative defenses, the plaintiff may counter . . . by producing evidence that the reasons the defendant seeks to advance are actually a pretext for sex discrimination." (citation and internal quotation marks omitted)). Among other things, Crawford presented evidence that her performance and experience were on par with that of her male comparators, that Defendants exercised significant discretion in setting compensation, and that the company favored Indian men over non-Indian women. (See Memorandum of Law in Opposition to Motion for Partial Summary Judgment ("Opp."), dated June 6, 2019 [dkt. no. 69], at 17-20, 22-23.) Drawing all inferences in favor of Crawford, this leaves open the possibility of reasonable jurors concluding that sexual discrimination explained the pay disparity. The Court therefore denies summary judgment on the EPA claims.

ii. Non-EPA Wage Disparity Claims

Fact issues also require denial of summary judgment on Crawford's wage disparity claims under Title VII, NYSHRL, and NYCHRL. As with the EPA claims, the Court finds that reasonable jurors could conclude that Crawford was paid less than her male comparators for substantially equal work and reject as

pretextual Defendants' proffered, nondiscriminatory reasons for the pay disparity. See, e.g., Husser v. N.Y. City Dep't of Educ., 137 F. Supp. 3d 253, 270-71 (E.D.N.Y. 2015) (denying summary judgment when plaintiff produced no direct evidence of discrimination but showed that employer knew she was paid less than her comparators and failed to redress the pay discrepancy).

### iii. Retaliation Claims

Crawford does not oppose Defendants' motion for summary judgment on her retaliation claims. (See Opp. at 1 n.2 ("Crawford has determined to narrow the issues for trial and not press her retaliation claim."); Reply Memorandum of Law in Support of Motion for Partial Summary Judgment, dated June 28, 2019 [dkt. no. 78], at 1 n.1). Accordingly, the Court grants summary judgment in Defendants' favor as to those claims.

### iv. Hostile Work Environment Claims

The parties' submissions disclose fact issues that preclude summary judgment on Crawford's hostile work environment claims under Title VII, NYSHRL, and NYCHRL.

To establish a hostile work environment claim under Title VII and NYSHRL, the plaintiff must show that "harassment has reached a certain qualitative level that it is sufficiently severe or pervasive [so as] to alter the conditions of the victim's employment." See Raniola v. Bratton, 243 F.3d 610, 617 (2d Cir. 2001). In opposing summary judgment, Crawford cites a

few sex-related comments by managers, the company's skewed diversity ratio, Crawford and another employee's impressions that the company favored Indian men over non-Indian women, and a laundry list[1] of instances in which Crawford claims she was treated worse than her male Indian counterparts. (See Opp. at 26-28.) Although it is a close call, evaluating the totality of the circumstances in the light most favorable to Crawford, the Court concludes that the hostile work environment claims cannot be dismissed at this juncture. It may well be that, after trial, the jury will find that Crawford did not suffer severe and pervasive harassment that altered her employment conditions. But on this record, the Court cannot conclude as a matter of law that no reasonable juror could reach the opposite conclusion.

Having found issues of material fact on the Title VII and NYSHRL hostile work environment claims, the Court also denies Defendants' motion for summary judgment on the NYCHRL claim. See Springs v. City of New York, No. 17 Civ. 451 (AJN), 2019 WL 1429567, at *15 (S.D.N.Y. Mar. 29, 2019) ("Because the Court concluded that there is sufficient evidence to allow a reasonable juror to conclude that Plaintiff experienced a

---

[1] Although Defendants argue that this list is irrelevant to the hostile work environment claim, the case law is clear that disparate treatment "may be considered as part of the totality of the circumstances creating a hostile work environment." Piston v. County of Monroe, No. 08 Civ. 6435, 2012 WL 4490652, at *11 (W.D.N.Y. Sept. 27, 2017) (collecting cases).

hostile work environment under Title VII and NYSHRL, the Court finds that he has also met the lesser burden under NYCHRL.").

III. Conclusion

For the foregoing reasons, Defendants' motion for partial summary judgment is GRANTED with respect to Crawford's retaliation claims and otherwise DENIED. The Clerk of the Court is directed to close the open motion [dkt. no. 53].

SO ORDERED.

Dated:   New York, New York
         November 12, 2019

_____
LORETTA A. PRESKA
Senior United States District Judge