UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARY F. CRAWFORD,

    Plaintiff,

-against-

EXLSERVICE.COM, LLC, et al.,

    Defendants.

16 Civ. 9137 (LAP)

ORDER



LORETTA A. PRESKA, Senior United States District Judge:

    The Court held a pretrial conference on November 20, 2019 and issued an order the following day ruling on certain of the parties' motions in limine. (See dkt. no. 120.). At the conference and in that order, the Court reserved ruling on Defendants' motions to exclude (1) testimony from Nancy Saltzman or evidence of her pending lawsuit against certain Defendants; and (2) testimony from Melinda Papagni. (See Defendants' Motion in Limine dated November 15, 2019 [dkt. no. 110] at 5-7.) The Court now rules on those motions as follows.

    Ms. Saltzman, former in-house counsel for EXLService.com, is not categorically precluded from testifying on grounds of attorney-client privilege. "[N]ot all conversations between an attorney and a client are privileged." John Wiley & Sons, Inc. v. Book Dog Books, LLC, 17 F. Supp. 3d 400, 404 (S.D.N.Y. 2014). At trial, if Plaintiff's counsel's questioning threatens

1

disclosure of attorney-client communications, the Court will rule on objections to ensure that the privilege is not breached.

Ms. Saltzman and Ms. Papagani may both testify as to their personal knowledge of Defendants' discriminatory conduct or practices, including conduct not directed at Plaintiff. Such testimony is relevant to Plaintiff's discrimination and hostile work environment claims, as well as Defendants' arguments that Plaintiff did not make timely use of available procedures for reporting bias and that Defendants had effective programs for preventing discrimination. See, e.g., Rifkinson v. CBS Inc., No. 94 Civ. 7985 (KTD), 1997 WL 634514, at *2 (S.D.N.Y. Oct. 14, 1997) ("Demonstrated bias by a decisionmaker is probative of discriminatory animus, and is therefore admissible even if that bias was directed against employees not similarly situated to the plaintiff."); Abdus-Sabur v. Port Auth. of N.Y. and N.J., No. 00 Civ. 5496 (VM), 2001 WL 1111984, at *2 (S.D.N.Y. Sept. 20, 2001) ("[E]vidence of discrimination against other employees is relevant to establishing a generally hostile work environment . . . and the defendant's notice of complaints during the relevant time period.").

The Court agrees with Defendants that evidence regarding Ms. Saltzman's pending lawsuit against Defendants is inadmissible. As noted above, Ms. Saltzman may testify as to her knowledge of Defendants' discriminatory conduct, but the

2

probative value of evidence showing that she, too, has filed a lawsuit is substantially outweighed by the danger of confusing the issues and unfairly prejudicing Defendants. See Fed. R. Evid. 403; see also, e.g., Figueroa v. Boston Scientific Corp., No. 00 Civ. 7922, 2003 WL 21488012, at *4 (granting motion to preclude evidence as to the existence of other lawsuits).

SO ORDERED.

Dated:   New York, New York
         November 25, 2019

_____
LORETTA A. PRESKA
Senior United States District Judge